# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1880
_____

United States of America

*Plaintiff - Appellee*

v.

Dymond Rene Hayden

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: February 12, 2026
Filed: July 6, 2026
[Published]
_____

Before COLLOTON, Chief Judge, BENTON and KELLY, Circuit Judges.
_____

PER CURIAM.

Dymond Hayden pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). On appeal, he challenges his sentence, arguing the district court[1] miscalculated his Guidelines range because his

_____

[1]The Honorable Patrick J. Schiltz, Chief Judge, United States District Court for the District of Minnesota.

prior conviction for third degree murder in Minnesota is not a crime of violence under USSG § 4B1.2(a).

## I.

"We review the district court's application of the Guidelines and imposition of sentencing enhancements de novo." United States v. Foard, 108 F.4th 729, 736 (8th Cir. 2024) (per curiam) (quoting United States v. Norwood, 774 F.3d 476, 479 (8th Cir. 2014)). Further, "[w]e review de novo whether a conviction qualifies as a crime of violence." United States v. McMillan, 863 F.3d 1053, 1055 (8th Cir. 2017) (citing United States v. Rice, 813 F.3d 704, 705 (8th Cir. 2016)).

## II.

In 2012, Hayden pleaded guilty to Third Degree Murder under Minn. Stat. § 609.195(a). The district court determined that this conviction qualified as a "crime of violence" under the Guidelines, which established a base offense level of 20.[2] USSG § 2K2.1(a)(4)(A). The Guidelines define a crime of violence as:

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> >
> > (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm . . .

USSG § 4B1.2(a). The two clauses are disjunctive, so when a prior conviction meets either the first (force clause) or second (enumerated offenses clause) definition, it is

---

[2]Without a prior qualifying conviction for a crime of violence, Hayden's base offense level would be 14.

a crime of violence under the Guidelines. See id. Here, we start with the enumerated offenses clause.

To determine whether Hayden has a prior qualifying conviction, we compare the Guidelines definition of "crime of violence" to the statute of conviction. Third-Degree Murder in Minnesota, the statute underlying Hayden's prior conviction, reads as follows:

> Whoever, without intent to effect the death of any person, causes the death of another by perpetrating an act eminently dangerous to others and evincing a depraved mind, without regard for human life, is guilty of murder in the third degree . . .

Minn. Stat. § 609.195(a).

Hayden's prior conviction is a crime of violence because third degree murder in Minnesota is "murder" under the enumerated offenses clause. See USSG § 4B1.2(a)(2). An offense constitutes murder when "its statutory definition substantially corresponds" to "generic" murder. See Taylor v. United States, 495 U.S. 575, 602 (1990). Although the Guidelines do not provide a generic definition of murder, the Third Circuit has, and several of our sister circuits have subsequently adopted it. United States v. Marrero, 743 F.3d 389, 399–400 (3d Cir. 2014), abrogated on other grounds by Johnson v. United States, 576 U.S. 591 (2015); United States v. Vederoff, 914 F.3d 1238, 1246–47 (9th Cir. 2019); United States v. Castro-Gomez, 792 F.3d 1216, 1216–17 (10th Cir. 2015); United States v. Manzano, 112 F.4th 915, 919–20 (10th Cir. 2024); United States v. Torres, 124 F.4th 84, 98 (2d Cir. 2024), cert. denied, 146 S. Ct. 161 (2025), and cert. denied sub nom., Owen v. United States, 146 S. Ct. 162 (2025).

In Marrero, the Third Circuit defined generic murder as "causing the death of another person either intentionally, during the commission of a dangerous felony, or through conduct evincing reckless and depraved indifference to serious dangers posed to human life." 743 F.3d at 401. The Marrero court supported this definition

with citations to all 50 states and the District of Columbia's criminal codes, the Model Penal Code, and Black's Law Dictionary. Id. at 400 & n.4. Satisfied that the Marrero court followed Taylor's requirement to determine a generic definition of an offense by looking at "the generic sense in which the term is now used in the criminal codes of most States," Taylor, 495 U.S. at 598, we join our sister circuits in adopting the Third Circuit's definition of generic murder.

Under that definition, Minnesota Third Degree Murder substantially corresponds to generic murder. Both definitions encompass what is commonly referred to as "depraved heart murder," or causing death through extreme recklessness. Compare Minn. Stat. § 609.195(a) ("causes the death of another by perpetrating an act eminently dangerous to others and evincing a depraved mind, without regard for human life"), with Marrero, 743 F.3d at 400 ("causing the death of another person . . . through conduct evincing reckless and depraved indifference to serious dangers posed to human life"). Because Minnesota Third Degree Murder falls under the enumerated offenses clause[3] of USSG § 4B1.2(a), the district court correctly calculated Hayden's Guidelines.

III.

We affirm the judgment of the district court.

_____

---

[3]Because the Minnesota Third Degree Murder statute meets the generic definition of murder, we need not consider whether it would qualify as a crime of violence under the force clause.